UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

UNITED STATES OF AMERICA       )
)
v.                            ) Case No. 1:21-cr-056-TRM-SKL-5
)
ALISHA HUDSON             )

REPORT AND RECOMMENDATION

     Pursuant to 28 U.S.C. § 636(b), I conducted a plea hearing in this case on January 5, 2022.

At the hearing, defendant moved to withdraw her not guilty plea to Count Five of the six-count

Indictment and entered a plea of guilty to the lesser included offense of the charge in Count Five

of the Indictment, that is, distribution of a mixture and substance containing methamphetamine

(aiding and abetting), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. §§ 2, in

exchange for the undertakings made by the government in the written plea agreement [Doc. 67].

On the basis of the record made at the hearing, I find the defendant is fully capable and competent

to enter an informed plea; the plea is made knowingly and with full understanding of each of the

rights waived by defendant; the plea is made voluntarily and free from any force, threats, or

promises, apart from the promises in the plea agreement; the defendant understands the nature of

the charge and penalties provided by law; and the plea has a sufficient basis in fact.

     Therefore, I **RECOMMEND** defendant's motion to withdraw her not guilty plea to Count

Five of the six-count Indictment be granted, her plea of guilty to the lesser included offense of the

charge in Count Five of the Indictment, that is, distribution of a mixture and substance containing

methamphetamine (aiding and abetting), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and

18 U.S.C. §§ 2, be accepted, the Court adjudicate defendant guilty of the charges set forth in the

lesser included offense of the charge in Count Five of the Indictment, that is, distribution of a

mixture and substance containing methamphetamine (aiding and abetting), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. §§ 2, and a decision on whether to accept the plea agreement [Doc. 67] be deferred until sentencing. Defendant made an oral motion to remain on bond after entry of her plea pending sentencing pursuant to 18 U.S.C. §§ 3143(a) & 3145(c). The government did not oppose Defendant remaining released on bond with conditions of release until sentencing in this matter. Therefore, Defendant's oral motion to remain on bond pending sentencing is **GRANTED** without objection and a separate Order has been entered on the record. Therefore, I further **RECOMMEND** defendant remain on bond until sentencing in this matter. Acceptance of the plea, adjudication of guilt, acceptance of the plea agreement, and imposition of sentence are specifically reserved for the district judge.


s/      *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE


<u>NOTICE TO PARTIES</u>

You have the right to *de novo* review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than fourteen days after the plea hearing. Failure to file objections within fourteen days constitutes a waiver of any further right to challenge the plea of guilty in this matter. <u>See</u> 28 U.S.C. §636(b).